80 So.3d 464 (2012)
S.D.G., A Child, Appellant,
v.
STATE of Florida, Appellee.
No. 1D11-2969.
District Court of Appeal of Florida, First District.
March 2, 2012.
*465 Nancy A. Daniels, Public Defender; Steven L. Seliger and Glenna Joyce Reeves, Assistant Public Defenders, Tallahassee, for Appellant.
Pamela Jo Bondi, Attorney General; Angela R. Hensel and Donna A. Gerace, Assistant Attorneys General, Tallahassee, for Appellee.
PER CURIAM.
S.D.G., a juvenile, appeals a delinquency disposition order committing him to a high-risk facility. The Department of Juvenile Justice's (DJJ's) recommendation was that S.D.G. be placed on probation with the requirement that he participate in a DAART assessment, participate in medication management, and participate in the Children's Home Society Co-Morbidity group if not accepted into DAART. The State requested that S.D.G. be placed in a moderate-risk facility. S.D.G. argues that the trial court failed to comply with E.A.R. v. State, 4 So.3d 614 (Fla.2009), in deviating from the recommendation of the DJJ. We agree and reverse.
E.A.R. instructs that to lawfully depart from the recommendation of the DJJ, the trial court must:
(1) Articulate an understanding of the respective characteristics of the opposing restrictiveness levels including (but not limited to) the type of child that each restrictiveness level is designed to serve, the potential "lengths of stay" associated with each level, and the divergent treatment programs and services available to the juvenile at these levels; and
(2) Then logically and persuasively explain why, in light of these differing characteristics, one level is better suited to serving both the rehabilitative needs of the juvenile-in the least restrictive setting-and maintaining the ability of the State to protect the public from further acts of delinquency.
E.A.R., 4 So.3d at 638.
The trial court's stated "reasons" for departing from the DJJ's recommendation "must provide a legally sufficient foundation for `disregarding' the DJJ's professional assessment and PDR by identifying significant information that the DJJ has overlooked, failed to sufficiently consider, or misconstrued with regard to the child's programmatic, rehabilitative needs[,] along with the risks that the unrehabilitated child poses to the public."
C.C.T. v. State, 53 So.3d 1149, 1151 (Fla. 1st DCA 2011) (quoting E.A.R., 4 So.3d at 638).
In the instant case, the record supports the trial court's belief that S.D.G. was a flight risk such that he would not receive the counseling he required outside of a secure location. However, the trial court failed to articulate an understanding of the various restrictiveness levels and to logically and persuasively explain why a high-risk facility was better suited to serving S.D.G.'s rehabilitative needs and the safety of the public. See id. Accordingly, we reverse and remand with instructions to enter an order in compliance with E.A.R. If no such order can be entered, we direct the trial court to impose the DJJ's recommendation. See C.C.T., 53 So.3d at 1151; B.L.R. v. State, 74 So.3d 173, 177 (Fla. 1st DCA 2011).
REVERSED and REMANDED with directions.
THOMAS, ROBERTS, and ROWE, JJ., concur.